UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RODNEY EPPS, on behalf of themselves
and others similarly situated, JOHN
BROOKS, on behalf of themselves and
others similarly situated, COREY WILSON,
on behalf of themselves and others similarly
situated, JOSEPH BUCKS, SR., on behalf
of themselves and others similarly situated,
LYNDON HART, on behalf of themselves
and others similarly situated, JAWANA
MORRIS, on behalf of themselves and
others similarly situated,

        Plaintiffs,

-vs-                                       Case No.  5:04-cv-46-Oc-10GRJ

OAK STREET MORTGAGE LLC,

        Defendant.

_____

## O R D E R

The United States Magistrate Judge has issued a Report (Doc. 135) recommending that the Defendant's Motion for Decertification (Doc. 103) should be granted in part and denied in part. The Plaintiffs have filed objections (Doc. 139) to the Report, and the Defendant has filed a response in opposition to the Plaintiffs' objections (Doc. 140). For the reasons discussed below, the Magistrate Judge's report is due to be adopted and confirmed in part and rejected in part.

The potential class of Plaintiffs and opt-in Plaintiffs in this case involves three distinct categories of individuals: (1) those persons who were employed as loan officers by the

Defendant prior to January 2003 and were always classified as exempt; (2) those persons who were hired as loan officers by the Defendant on or after January 2003 and were always classified as non-exempt; and (3) those persons who were employed as loan officers by the Defendant both before and after January 2003 and were therefore classified as both exempt and non-exempt at different points in time.  The Magistrate Judge recommends that the Defendant's Motion for Decertification be denied with respect to the first group of Plaintiffs and opt-in Plaintiffs (those always classified as exempt), and granted with respect to the second group (those always classified as non-exempt).  With respect to the third group (those classified as both exempt and non-exempt), the Magistrate Judge recommends that the Defendant's motion be denied as to that portion of the Plaintiffs' and opt-in Plaintiffs' claims which relate to an alleged exemption mis-classification; and granted as to that portion of their claims which relate to alleged "off-the-clock" violations.  The Magistrate Judge further recommends that the claims of the opt-in Plaintiffs who were classified as non-exempt (the second category and portions of the third) be dismissed without prejudice, and that the Court should withhold entry of final judgment "to avoid prejudice to the opt-in plaintiffs" and permit them to file individual claims in the appropriate district or districts if they wish to do so.  For any opt-in Plaintiff who chooses to re-file in this Court, the Magistrate Judge suggests that the Court transfer such cases to the appropriate district court pursuant to 28 U.S.C. § 1406 and § 1631.

The Court agrees with the Magistrate Judge's well-reasoned report and recommendations concerning the certification of the claims involving an alleged mis-

classification as exempt and decertification of all other claims, and finds that the Plaintiffs' objections are not persuasive. However, because the law is clearly established that the pendency of this action tolled the running of the statute of limitations against the opt-in Plaintiffs once they filed their consent to sue notices,[1] the Court sees no need to withhold the entry of judgment of dismissal without prejudice.

Accordingly, upon an independent examination of the file and the parties' objections and opposition to objections, and upon due consideration, it is ordered and adjudged that:

(1) the Report and Recommendation of the Magistrate Judge (Doc. 135) is adopted, confirmed and made a part hereof solely with respect to the portion of the report recommending that the Defendant's Motion for Decertification (Doc. 103) be granted with regard to the claims of any Plaintiffs or opt-in Plaintiffs for time worked after they were classified as non-exempt in January 2003, and denied with regard to the claims of any Plaintiffs or opt-in Plaintiffs for time worked while they were classified as exempt. The Report and Recommendation is further adopted and confirmed with respect to its recommendation that all decertified claims should be dismissed without prejudice. In all other respects the Report and Recommendation is rejected;

(2) the Defendant's Motion for Decertification (Doc. 103) is GRANTED IN PART with regard to the claims of any Plaintiffs or opt-in Plaintiffs for time worked after they were

---

[1] See Grayson v. Kmart Corp., 79 F.3d 1086 (11th Cir. 1996); 29 U.S.C. § 256(a).

classified as non-exempt in January 2003, and DENIED IN PART with regard to the claims of any Plaintiffs or opt-in Plaintiffs for time worked while they were classified as exempt;

(3) the claims of any Plaintiffs or opt-in Plaintiffs for time worked after they were classified as non-exempt in January 2003 (the decertified claims) are DISMISSED WITHOUT PREJUDICE and the Clerk is directed to enter judgment accordingly; and

(4) the Plaintiffs' Objections (Doc. 139) are OVERRULED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 22nd day of May, 2006.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record